# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv80

| | |
|---|---|
| KEVIN R. ALSOP; and BIG BEAR AMERICAN MADE CHOPPERS, INC, ) ) ) Plaintiffs, ) ) Vs. ) ) CAROLINA CUSTOM PRODUCTS, ) INC., ) ) Defendant. ) ) | ORDER |

**THIS MATTER** is before the court on plaintiffs' Motion for Leave to Appear By Telephone (#48). Such motion does not reflect consultation with opposing counsel. L.Cv.R. 7.1(B). Despite such lapse, the court will consider such request on a expedited basis.

Where a previous Order of the court has either been either ignored or disobeyed unilaterally, this court typically requires the presence of all counsel. In this case the court anticipates discussing with counsel why they waited until 113 days of discovery time had passed before they served their first discovery requests. Such a passage of time is especially troubling where the Pretrial Order provides that "Counsel are directed to initiate discovery sufficiently in advance of the discovery completion

deadline so as to comply with this Order." Pretrial Order, at 3.

In addition to such underlying problem concerning compliance with the Pretrial Order, counsel for plaintiffs have accused counsel for defendants of misleading this court. See Docket Entry 44, at 1 & 3. These are very serious charges and are based on the contacts defendant's counsel made with "California counsel." Id., at 3. Based on these alleged misrepresentations, plaintiffs argue that

> the Court has granted Defendant until February 22, 2008 to respond to Plaintiff's discovery. Good cause therefore exists to extend the expert report due dates . . . and to push the close of discovery back one month....

Id., at 2. Thus, the court assumed in setting the hearing that the presence of "California counsel" would be necessary not only to prove the allegations of misconduct, but also to show a factual basis for the proposed enlargement of the previously unheeded Pretrial Order.

Now it appears that California counsel desires not to appear in person, but to appear by way of telephone. This court simply does not have the facilities to accommodate a telephonic hearing and to the extent plaintiffs wish to champion their allegations of attorney misconduct, the court believes that it would only be fair to allow defendant's counsel an opportunity to examine his accuser.

To the extent California counsel does not wish to spend his time or his clients'

money in traveling to this district, this court has no problem with allowing North Carolina counsel to shoulder the entire burden of this hearing. If California counsel is not present for the hearing the plaintiffs will not be allowed to present evidence of any misconduct on the part of counsel for the defendant and plaintiff's counsel should be prepared to withdraw any allegation of misconduct immediately. As officers of this court, North Carolina counsel should be prepared to complete a new and detailed discovery plan and answer the court's concerns as to prosecution of this case as well as what has transpired as to compliance with the both the Pretrial Order and the Local Civil Rules.[1]

* * *

Counsel for the parties should also be ready to address ex parte contact with the court's staff which has recently occurred. This court has no problem with contact in which counsel requests information about procedures or practices; or in other words, "how to" best handle an issue which has presented itself in a case. These calls

---

[1] Inasmuch as plaintiffs have put defendant's alleged failure to comply with the Local Civil Rules into play, the court notes that in additional to not reflecting consultation as to the instant motion, plaintiffs failed to file within the time allowed either a Reply or a written notice that it did not intend to Reply to defendant's Response to plaintiffs' first Motion to Modify (#38)( a violation of Local Civil Rule 7.1(E)) and that the attempt to withdraw the first Motion to Modify after such deadline was ineffectual inasmuch as the notice was contained within the text of another motion rather than in a separately filed "Notice of Withdrawal."

and contact help the parties and their attorneys in rapidly taking care of matters. In this case however the contacts have been in the nature of challenging the court's Orders.[2] The plaintiffs and defendant are assured this court's sole interest in this case is the proper administration of justice and the finding of the truth in the matter and none other. Contact with staff ex parte challenging a decision and questioning "why" the undersigned made such decision is not acceptable contact or conduct. The questions raised in the ex parte contacts will be addressed by this court at the hearing in a forum at which all parties and their attorneys can be in attendance and be heard.

To best prepare for the hearing the parties should be aware that while this court will not tolerate noncompliance with the Pretrial Order, it will also not allow one party to take unfair advantage of another where that advantage was obtained by what may have been a mutual misunderstanding.

At the hearing counsel for all parties will be heard about the orderly substitution of counsel for defendant. Defendant and its present local attorney are advised that this court is not inclined to allow a corporate defendant which had this

---

[2] This court has historically welcomed procedural calls placed to Chambers; however, calls which ask court staff to explain the basis for court Orders or challenge the court's decision distract from the orderly management of the docket.

matter involuntarily transferred from California to linger in this district without counsel. In this court a corporation may only appear through counsel and not pro se. In short, the motion to withdraw will continue to be denied unless an attorney who is qualified to appear in this court makes such an appearance as local counsel as required by the rules. The local rules require California counsel for the defendant, who still appears of record, to associate local counsel and be accompanied by local counsel at all hearings. L.Cv.R. 83.1(D)(1). The undersigned will also address the question of whether or not California counsel continues to appear as counsel of record for the defendant. Defendant's local counsel is directed to contact defendant's California counsel before the hearing scheduled in this matter so California counsel can notify the court in writing of counsel's position as to this issue.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Leave to Appear By Telephone (#48) is **DENIED,** but California counsel is **RELIEVED** from appearing at the hearing on February 8, 2008 should he choose not to appear.

Signed: February 6, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge